UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 24-01241 |
| SEHRELINA ZOLETE TARDO | SECTION: T (1) |

## **ORDER AND REASONS**

Before the Court is Defendant Sehrelina Zolete Tardo's Motion to Stay the civil action against her pending the outcome of ongoing criminal proceedings. R. Doc. 9. Plaintiff Travelers Casualty and Surety Company of America has filed a response agreeing with Defendant that a stay pending the outcome of the criminal proceedings is appropriate in this case. R. Doc. 12. Having reviewed the Motion to Stay, the response, and the assertions therein, as well as the applicable law,[1] the Court finds that a stay of this matter is warranted.

---

[1] A district court may stay a civil action pending the resolution of a related criminal proceeding under "special circumstances." *S.E.C. v. First Financial Group*, 659 F.2d 660, 668 (5th Cir. 1981). To determine whether special circumstances exist, the court must "balance the competing constitutional and procedural interests of the parties," as illustrated through a six-factor test. *Hatten ex rel. Mast v. Gimelstob*, Nos. 96-243, 96-2734, 1996 WL 627863 (E.D. La. Oct. 29, 1996). These factors include:

> 1. The extent to which the issues in the criminal case overlap with those presented in the civil case;
> 2. The status of the criminal case, including whether the defendant has been indicted;

1

Accordingly,

**IT IS ORDERED** that this matter is stayed and administratively closed pending the resolution of the criminal matter. Within sixty days of the resolution of the criminal matter, any party may move to reopen the case and to lift the stay.

New Orleans, Louisiana, this 23rd day of October 2024.

                                                                        GREG GERARD GUIDRY
                                                   UNITED STATES DISTRICT JUDGE

---

    3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;
    4. The private interests of and burden on the defendant;
    5. The interests of the courts; and
    6. The public interest.
*U.S. v. ATP Oil & Gas* Corp, No. 13-0262, 2013 WL 6184991, *3 (E. D. La. Nov. 26, 2013)(citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test).